The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts as those reached by the Deputy Commissioner, with some modification but modifies the conclusions and holding of the Deputy Commissioner. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. Wausau Insurance Company is the carrier on risk.
4. The plaintiff's average weekly wage is $187.50.
5. The date giving rise to this claim is April 3, 1991.
6. Plaintiff's medical records from Keith Chiropractic Clinic are stipulated into evidence. These records are Stipulated Exhibit One.
7. Plaintiff's medical records from Carolina Medical Center were stipulated into evidence. These records were marked Stipulated Exhibit Two.
8. The issues before the Commission are:
 (i) Whether plaintiff sustained an injury by accident on April 3, 1991; and
 (ii) If so, what compensation, if any, is due to plaintiff.
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was thirty-five years old and single. Plaintiff has a high school degree and has taken some computer courses.
2. In February 1991, plaintiff was employed by the defendant-employer as a cook. Plaintiff's job responsibilities were to prepare meals for the preschool. Plaintiff worked eight hours a day and was paid $5.00 an hour. Plaintiff worked as an assistant to Elizabeth Taylor.
3. On the morning of April 3, 1991, plaintiff was walking down a set of stairs to the basement area when she fell through some broken stairs. Plaintiff grabbed the rail with her left hand and did not fall completely through the stairs.
4. As a result of the accident, plaintiff had some abrasions and swelling to her legs.
5. Plaintiff told Elizabeth Taylor she had fallen through the steps and showed her where the steps had broken. Plaintiff also discussed the situation with Lanelle Grier, the owner and operator of Fairyland Day Care Center. Plaintiff felt that she was going to be all right and indicated that she did not need to go to a doctor. Ms. Grier suggested that plaintiff go to a doctor so that she might be evaluated.
6. Plaintiff did not work on April 4, 1991, but returned to work at full time, full duty status on April 5, 1991. Plaintiff continued to perform her normal work duties during the following week. Plaintiff was seen by Dr. Moore at ProMed. Plaintiff was informed to keep her legs elevated.
7. Lanelle Grier made several attempts to contact plaintiff, but was unable to do so after plaintiff left work on April 10, 1991. Plaintiff did call Ms. Grier to indicate that she would not be able to come to work after being out of work for several days. Plaintiff's job was available and remained open until she could return to work.
8. Lanelle Grier never terminated the plaintiff from her job. However, plaintiff failed to remain in contact with Ms. Grier and did not return to work for the defendant-employer after April 10, 1991.
9. Plaintiff has not worked anywhere since leaving Fairyland Day Care Center in April 1991 and has made no attempts to find any work since that time. Plaintiff never attempted to return to Fairyland to see if she was able to perform her duties with the defendant-employer.
10. Plaintiff did not seek medical treatment from 1991 until March 1995 when she was seen by Lemuel P. Byrd, D.C., at Keith Chiropractic Clinic for injuries sustained in a motor vehicle accident on March 20, 1995. Plaintiff was diagnosed with the following conditions: cervicodorsal sprain and strain with subluxation, myofasciitis, and neuralgia, post-traumatic cephalgia and lumbar sprain and strain of subluxation, myofasciitis and neuralgia.
11. Plaintiff was seen by Dr. Michael Campbell of Carolinas Medical Center Orthopedic Clinic on March 19, 1996. Dr. Campbell was unable to assess whether plaintiff's condition was related to the accident she sustained five years prior to the examination.
12. No doctor ever indicated that plaintiff was not able to perform her normal duties for the defendant-employer nor was she written out of work by a doctor.
13. There is insufficient medical evidence of record from which to determine by its greater weight that plaintiff's current complaints of pain relating to her back and legs were caused by or related to plaintiff's incident on April 3, 1991.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of her employment with the defendant-employer on April 3, 1991; however, the evidence fails to establish that plaintiff's current disability is the result of the incident which occurred on April 3, 1991. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's claim for compensation for her current disability is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is, DENIED.
2. Each side shall bear its own costs.
This the ___ day of November 1998.
 S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _____________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _____________________ DIANNE C. SELLERS COMMISSIONER